## LINDSLEY *vs.* WILLIAMS.

1. Where an act of the legislature authorized the managers of a meadow draining scheme to purchase property known as "Dennis" mill property, consisting of fourteen acres of land and the water-power, mills and other buildings thereon, and it appeared by answer and affidavits annexed that there was no "Dennis" mill property in the vicinity, but that "Dunn's" mill property answered the description in, and was intended by the act, an injunction granted on filing a bill to restrain the purchase of the "Dunn's" mill property was dissolved.

2. The maxim "*Falsa demonstratio non nocet cum de corpore constat,*" applies to statutes as well as to deeds and wills.

On motion to dissolve an injunction issued against the defendants.

The motion was made upon the bill and answer, and the affidavits annexed. The injunction was to restrain the defenfendants, who were the managers of a meadow drainage scheme, from purchasing mills known as Dunn's mills, out of the funds or at the expense of the meadow owners. The complainants are a majority of the owners of the meadows to be drained. The grounds on which the injunction was ordered were: First, that the statute upon which the power of the commissioners depends does not authorize them to purchase "Dunn's" mills; the only authority is to purchase the property known as "Dennis" mill property, consisting of about fourteen acres of land and the water-power, mills, and other buildings thereon. Secondly, because the purchase of the property, and destruction of the dam, was not necessary to the work authorized. The answer contends that although in the statute the printed words are "Dennis mill property," yet in the statute, as enrolled, the words are "Dunn's mill property," and that if on inspection this is doubtful, yet that the word "Dennis" is a mistake for "Dunn's" in engrossing the statute. That this appears by the fact that there are no mills in the vicinity of the meadows to be drained known as Dennis' mills; that the first mills below the tract to be drained, on the Passaic river, which passes through them, are Dunn's mills; the quantity

of land attached to these, and the buildings correspond with
the description in the act; that the destruction or lowering
of the dam belonging to these mills would aid in the object
for which the act was passed, and also in (a duty imposed on
the commissioners,) " the removal of the obstructions, either
natural or artificial, which exist on the Passaic river between
Osborn's mill and the Davison bridge," which part, although
above Dunn's mills, it is alleged is obstructed by the water
penned back by this dam.

*Mr. Pitney*, for the motion.

If the act, by inspection, can not be read as Dunn's mills,
yet those mills are clearly intended; this is shown by the
object of the act as declared upon its face, and by the facts
alleged and proven and not disputed, which show that Dunn's
dam only can be meant.

The maxim, " *Falsa demonstratio non nocet cum de corpore
constat,*" is applied to statutes, as well as to wills and deeds.

He cited *The Watervliet Turnpike Co.* v. *McKean*, 6 *Hill*
616 ; *Shrewsbury* v. *Boylston*, 1 *Pick.* 105 ; *Dwarris on Stat.*
688 ; 1 *Minnesota R.* 401 ; *Sedgwick on Stat.* 416 ; *Smith on
Stat.* §§ 491, 506 ; *State* v. *Morris Canal Co.*, 2 *Green* 412 ;
*London Railway* v. *Freeman*, 2 *Man. & Gr.* 636 ; *Co. Litt.*
3 *a* ; 6 *Ves.* 42 ; 2 *P. W.* 140 ; 6 *Madd.* 192 ; 2 *Vern.* 593 ;
4 *Ves.* 680 ; 3 *Ves., jun.*, 306 ; 9 *Beav.* 364 ; 1 *Ves., sen.*,
255 ; 2 *J. & W.* 307 ; 1 *Ad. & Ell.* 57 ; 2 *Ves., jun.*, 589 ; 1
*P. W.* 286 ; 8 *Bing.* 248 ; 1 *M. & S.* 299 ; *Wigram on Wills*,
part *V*, §§ 61, 64, 67, 96.

*Mr. Keasbey*, contra.

A statute must be construed by its words only. The name
Dennis mill is a material part of the description, and without
it there is nothing in the act to identify the property, even
with the aid of the surrounding facts. Admitting that this
was a mistake in engrossing the bill, it can not be cured by
extrinsic evidence.

He cited *Purdy* v. *The People*, 4 *Hill* 384 ; *Waller* v. *Har-*

*ris,* 20 *Wend.* 561; *McCluskey* v. *Cromwell,* 1 *Kern.* 593; *Newell* v. *The People,* 3 *Seld.* 97; *People* v. *N. Y. Central R. R. Co.,* 3 *Kern.* 78; 1 *Greenl. Ev.,* §§ 301, 302, *and note; Broom's Legal Maxims* 269.

THE CHANCELLOR.

Upon inspecting the original act, in the office of the secretary of state, as engrossed and signed by the Governor, and the presiding officers of the two branches of the legislature, I am of opinion, on the whole, that the word is " Dennis," and not " Dunn's;" although the matter is not entirely clear of doubt. But the facts set forth in the answer show that there are no mills that could be intended, called " Dennis' mills;" that " Dunn's mills" correspond with other parts of the description in the statute, of the premises authorized to be purchased; that the dam upon those premises affects the height of the water in the Passaic, in the part where the defendants are required to clear out the obstructions; and that this is the only mill property the purchase of which could be of any use for the object of the act.

I think, on the whole, these facts sufficiently show what property was intended by the act, and that the name " Dennis' mills," cannot apply. If this conclusion is correct, then the maxim, " *Falsa demonstratio non nocet*" will apply. That maxim is applied to statutes, as well as to wills and deeds. *Chancellor of Oxford's Case,* 10 *Rep.* 57; *Shrewsbury* v. *Boylston,* 1 *Pick.* 105.

The injunction must be dissolved; and according to a stipulation entered into by counsel in presence of the court, an order must be made to restrain the defendants from taking down the dam or destroying the property, or any part of it, until it shall have been ascertained upon a reference under the direction of the court, that it is proper to attain the object of the statute.